FILED
CLERK
4:46 pm, Sep 05, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
UNIQUA SMITH,

                     Plaintiff,                   **MEMORANDUM OF**
                                                          **DECISION & ORDER**
               -against-                2:18-cv-03463 (ADS)(AYS)

FACTORY DIRECT ENTERPISES LLC d/b/a/
ASHLEY FURNITURE HOMESTORE and
JUSTIN CHRINIAN (individually)

                     Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**The Rose Law Group, PLLC**
*Attorneys for the Plaintiff*
3109 Newton Avenue Suite 309
Astoria, NY 11102
      By:     Jesse Curtis Rose, Esq., Of Counsel.

**Archer & Greiner P.C.**
*Attorneys for the Defendants*
630 Third Avenue 7th floor
New York, NY 10017
      By:     Michael S. Horn, Esq., Of Counsel.

**SPATT, District Judge**:

On June 13, 2018, plaintiff Uniqua Smith (the "Plaintiff") commenced this employment discrimination action against her former employer Factory Direct Enterprises LLC ("FDE") and, in his individual capacity, her former supervisor Justin Chrinian ("Chrinian"). The Plaintiff alleges FDE and Chrinian (the "Defendants") engaged in gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and New York Executive Law § 290, *et seq.* ("NYHRL").

1

Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(b)(6), seeking to dismiss the Complaint for failure to state a claim upon which relief may be granted.

For the following reasons, the Court grants the motion to dismiss with leave to amend.

## I. BACKGROUND

FDE is an independently-owned Ashley's Furniture Homestore franchise. The Plaintiff is a former employee of FDE. Chrinian was and is FDE's acting area manager.

In or about August 2016, FDE hired the Plaintiff through a human resources business partner and immediately placed her in a manager-in-training program. The program is a 90-day period during which participants begin as product specialists and eventually move on to the position of senior sales manager. As a product specialist, the Plaintiff sold furniture as part of an effort to reach the store's sales goals and received a commission as part of her compensation.

On October 16, 2016, FDE opened a showroom in Valley Stream and promoted the Plaintiff to sales manager. She was among fifteen people chosen and underwent three months of training under an outside senior sales manager. The Plaintiff claims she was the only female sales manager in any of FDE's fourteen show rooms.

As sales manager, the Plaintiff oversaw the Valley Stream store. She opened and closed the store; conducted two 45-minute meetings each day; and kept track of the store's short-term and long-term goals. She was also responsible for leading a team of product specialists; inspiring them to reach the store's sales goals; and training fellow employees. She never received any complaints about her performance and was constantly commended for her outstanding work.

In November 2016, Chrinian hired a senior sales manager to train the Plaintiff. Chrinian told the Plaintiff her training would last three months, after which the senior sales manager

position would become vacant and the Plaintiff would receive a promotion. The Plaintiff communicated frequently with Chrinian about her path to senior sales manager.

Chrinian gave the Plaintiff several tasks to complete before being offered the position. Specifically, he required that the Plaintiff reach the store's 350 sales per guest (spg) goal; train other employees to become sales managers; and urged her to wait for the senior sales manager at the time to move to another location.

In May 2017, the senior sales manager at the Plaintiff's store moved to another location, but Chrinian declined to promote the Plaintiff to the newly opened position. The Plaintiff alleges that Chrinian's refusal to promote her was discriminatory because she was qualified for the position and he promoted several less or equally qualified male product specialists to senior sales managers at other locations, including a male product specialist who the Plaintiff trained.

Due to the vacancy of the senior sales manager position, the Plaintiff began working more hours. She became responsible for deescalating customer issues and providing more coverage for the showroom in addition to her original sales manager tasks. Her hours increased from 40 hours-a-week to 60-to-70 hours-a-week. Despite the Plaintiff's increased workload and hours, she remained in her original sales manager position through June 2017.

That June, the Plaintiff reminded Chrinian about the status of her promotion. Chrinian suggested that she speak with the Director of Human Resources ("HR") to see if HR would expedite the promotion. The Plaintiff scheduled a meeting with HR and Chrinian. At the meeting, Chrinian never appeared and the Plaintiff spoke with HR alone. HR told her the promotion was up to Chrinian.

Following the meeting, Chrinian chastised the Plaintiff for approaching HR about the promotion. In addition, Chrinian started to treat the Plaintiff differently. He avoided having lunch

3

with her; fired her team members without alerting her or asking for her input; overrode her decision to discipline a team member for being late and disruptive; and ignored concerns she raised about the presence of bed bugs in the store, but reacted immediately when a male co-worker brought up the same issue.

On or about July 7, 2017, Chrinian and HR called the Plaintiff for a meeting. Chrinian told her that things were not working out and gave her the choice between accepting a demotion to product specialist or leaving the company. He gave no explanation for the demotion, remarking that it was non-negotiable, and gave the Plaintiff a week to think about it.

On or about July 13, 2017, the Plaintiff called Chrinian and requested more time to think about the offer, which Chrinian agreed to.

On or about July 18, 2017, the Plaintiff received an email from HR stating she was fired for abandoning the job. The Plaintiff alleges that her termination was motived by gender discrimination because no male employees received a similar ultimatum.

On June 13, 2018, the Plaintiff filed a complaint based on these facts asserting violations of Title VII and the NYHRL.

## II. DISCUSSION

### A. AS TO THE LEGAL STANDARD ON A MOTION TO DISMISS.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bolt Elec., Inc. v. City of N.Y.*, 53 F.3d 465,

469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F.Supp.2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has expounded that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

"[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 669, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)).

**B. AS TO THE MATERIALS REVIEWED BY THE COURT.**

As a preliminary matter, the Court must determine the scope of the materials reviewed when adjudicating the Defendants' motion. The Defendants appended to their motion a number of exhibits, including: an affidavit from Chrinian, several internal FDE documents, and documents from the Plaintiff's proceedings before the Equal Employment Opportunity

Commission ("EEOC"). The Defendants rely on the attachments to supposedly demonstrate that the Plaintiff never received the guarantees she claims and that any purported adverse employment actions occurred due to performance-related reasons, rather than discrimination. The Court will consider the EEOC documents, but not the Chrinian affidavit or the internal FDE documents.

"Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 216 (E.D.N.Y. 2018) (Spatt, J.); *see also Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (noting that the Second Circuit has recognized "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint"). In exercising its discretion, the Court may consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs., Inc. v. Recycle Green Servs., Inc.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.); (quoting *In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006)).

Starting with the EEOC documents, the Court will consider them because EEOC filings are public documents of which courts may take judicial notice. *See Falcon v. City Univ. of New York*, 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017) (Spatt, J.) (collecting cases). However, this

ruling will have little substantive impact on the Court's analysis of the motion to dismiss. The EEOC documents consist of (1) the Plaintiff's charge of discrimination; (2) the Defendants' statement of position; and (3) the EEOC's notice of dismissal. The charge of discrimination is essentially identical to the Complaint and the EEOC's determination makes no factual findings, meaning that the Court's inclusion of the documents in its review adds no additional facts to-be-considered.

On the other hand, the statement of position rebuts the Plaintiff's allegations and alleges additional facts. The Court will not consider the new facts raised in the statement of position, because courts may only take judicial notice of public documents "to establish the existence of a related filing," "not for the truth of the matter." *Daniel v. Long Island Hous. P'ship, Inc.*, No. 08-cv-01455, 2009 WL 702209, at *5 (E.D.N.Y. Mar. 13, 2009) (describing treatment of EEOC filings on motion to dismiss); *see also Thomson v. Odyssey House*, No. 14-cv-3857, 2015 WL 5561209, at *3 n.7 (E.D.N.Y. Sept. 21, 2015) (same); *Saudagar v. Walgreens Co.*, No. 18-cv-437, 2019 WL 498349, at *4 (S.D.N.Y. Feb. 8, 2019) (same).

As for the remaining documents—the Chrinian affidavit and internal FDE documents—the Defendants give no indication that these documents attached as exhibits were incorporated by reference to the Complaint; integral to the Complaint; relied on in framing the Complaint; public disclosure documents; or facts of which the Court may take judicial notice. To the contrary, it appears they introduced the exhibits for the purpose of providing a counter-narrative of the facts alleged in the Complaint. Consequently, considering said documents "would require credibility assessments and weighing of the evidence, which is not appropriate on a motion to dismiss." *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (Spatt, J.) (refusing to consider affidavits, contracts and credit reports attached to the motion to dismiss); *Envtl. Servs., Inc.,* 7 F.

Supp. 3d at 270 (refusing to consider various declarations); *Kaible v. U.S. Computer Grp., Inc.*, 27 F. Supp. 2d 373, 376–77 (E.D.N.Y. 1998) (Spatt, J.) (refusing to consider letters, agreements and transcript excerpts); *Garnett-Bishop v. New York Cmty. Bancorp*, Inc., No. 12-cv-2285, 2014 WL 5822628, at *13 (E.D.N.Y. Nov. 6, 2014) (Spatt, J.) (refusing to consider "affidavits, receipts, and letters").

Therefore, while the Court will expand the scope of its review to include the EEOC documents, the factual allegations under consideration are fundamentally the same as those in the Complaint.

## C. AS TO THE TIMELINESS OF THE PLAINTIFF'S CLAIMS.

"Under Title VII, a plaintiff in New York must file a complaint with the EEOC within 300 days of a discriminatory act." *Rasko v. New York City Admin. for Children's Servs.*, 734 F. App'x 52, 54 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 863, 202 L. Ed. 2d 580 (2019). "The 300-day period serves as a statute of limitations; claims regarding acts that occurred more than 300 days prior to the employee's filing a charge of discrimination with the agency are thus time-barred." *Vives v. New York City Dep't of Corr.*, No. 15-cv-06127, 2019 WL 1386738, at *6 (E.D.N.Y. Mar. 27, 2019). Here, the Plaintiff filed her EEOC charge on November 29, 2017 and alleges discrimination based on her failure to receive a promotion and wrongful termination, which occurred in June 2017 and July 2017, respectively. ECF 12 at 11. Both dates occurred less than 300 days before she filed her EEOC charge. Therefore, her claims are timely. However, for propriety's sake, the Court will dismiss any claims arising before February 2, 2017.

## D. AS TO WHETHER THE COMPLAINT STATES A CLAIM FOR DISCRIMINATION UNDER TITLE VII AND THE NYHRL.

In relevant part, Title VII prohibits an employer from "discriminat[ing] against any individual with respect to [the] . . . terms, conditions, or privileges of employment, because of

8

such individual's . . . sex . . . ." 42 U.S.C. § 2000e–2(a)(1). Similarly, Section 296(1) of the NYHRL renders it unlawful "[f]or an employer . . . because of an individual's . . . sex . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). Courts use the same standard when analyzing Title VII and NYHRL claims. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007); *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003).

The Supreme Court set forth the elements that a plaintiff must prove in order to establish a *prima facie* case under Title VII in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To do so, first the Plaintiff must establish a prima facie case of discrimination by demonstrating that (1) she was within a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Id.* at 802; *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009). If she or he does, the burden shifts to the Defendants to articulate a legitimate, non-discriminatory reason for their actions. Then, the burden shifts back to the Plaintiff to prove that discrimination was the true reason behind the Defendants actions. *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).

"However, the survival of a complaint under Rule 12(b)(6) scrutiny in an employment discrimination case 'does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*.'" *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 489 (E.D.N.Y. 2015) (Spatt, J.) (quoting *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F.Supp.2d 228, 236 (E.D.N.Y. 2011)); *Fanelli v. New York*, 51 F. Supp. 3d 219, 231 (E.D.N.Y. 2014) (Spatt, J.); *Friel v. Cty. of Nassau*, 947 F. Supp. 2d 239, 251 (E.D.N.Y. 2013) (Spatt, J.). "This is because, at the pleading stage, courts do not apply the *McDonnell Douglas* burden shifting test to

9

analyze the evidentiary support for the discrimination claims." *Figueroa*, 89 F. Supp. 3d at 489; *Fanelli*, 51 F. Supp. 3d at 231; *Friel*, 947 F. Supp. 2d at 251; *see also Gonzalez v. Carestream Health, Inc.*, 520 Fed.Appx. 8, 9–10 (2d Cir. 2013) ("To survive a motion to dismiss, a complaint alleging workplace discrimination . . . need not allege specific facts establishing a prima facie case of discrimination under *McDonnell Douglas* . . . .").

Rather, "[this Court] consider[s] only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Gonzalez*, 520 Fed.Appx. at 10 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "In other words, the Court asks only whether a plaintiff has pled a *prima facie* case, not whether a plaintiff has established that case. Thus, the standard is simply whether the plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim of discrimination." *Figueroa*, 89 F. Supp. 3d at 489; *Fanelli*, 51 F. Supp. 3d at 231; *Friel*, 947 F. Supp. 2d at 251; *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.").

With these principles in mind, the Court will address the Plaintiff's discrimination claims. She advances two theories, first, failure to promote, and, second, wrongful termination. As the Court will explain, the Plaintiff fails to state a claim under either theory.

**1. As to the Failure to Promote Claim.**

The test for establishing *prima facie* case for discriminatory failure to promote is analogous to, but somewhat different, from the four-part inquiry for discrimination claims generally. *See Williams v. City of New York*, No. 11-cv-9679, 2012 WL 3245448, at *6

(S.D.N.Y. Aug. 8, 2012) ("While a failure to promote can constitute a material adverse employment action, it is generally considered a separate cause of action."). The "plaintiff must ordinarily demonstrate that: (1) she is a member of a protected class; (2) she 'applied and was qualified for a job for which the employer was seeking applicants'; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004); *Mendelsohn v. Univ. Hosp.*, 178 F. Supp. 2d 323, 328 (E.D.N.Y. 2002) (Spatt, J.); *Stern v. State Univ. of New York*, No. 16-cv-5588, 2018 WL 4863588, at *10 (E.D.N.Y. Sept. 30, 2018). It is undisputed that the Plaintiff is a member of a protected class and that she never received a promotion. The Defendants contend that the Complaint lacks allegations that the Plaintiff applied for a job; was qualified for that job; that the position was open; and/or that the Defendants denied her the promotion due to her protected characteristics.

   a. As to Whether the Plaintiff Applied for a Specific Position.

At the pleading stage, a plaintiff must allege that she applied for a specific position, rather than that she or he generally requested a promotion. *Sethi v. Narod*, 12 F. Supp. 3d 505, 525–26 (E.D.N.Y. 2014) (citing *Petrosino*, 385 F.3d at 226–27; *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998); *Romaine v. New York City Coll. of Tech. of the City Univ. of New York*, No. 10-cv-431, 2012 WL 1980371, at *3 (E.D.N.Y. June 1, 2012). However, "the rule is not inflexible . . . . '[I]f an employee expresses to the employer an interest in promotion to a particular class of positions, that general expression of interest may satisfy the requirement that the employee apply for the position." *Howe v. Town of Hempstead*, No. 04-cv-0656, 2006 WL 3095819, at *6 (E.D.N.Y. Oct. 30, 2006) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 129 (2d Cir. 2004)). Ultimately, "what it means to apply for a specific position depends on

11

the circumstances." *Stewart v. City of New York*, No. 11-cv-6935 CM, 2012 WL 2849779, at *6 (S.D.N.Y. July 10, 2012).

Here, the Plaintiff alleges that Chrinian promised her a specific path to promotion to senior sales manager through the completion of certain tasks; that she completed those tasks; and that upon completion she approached Chrinian and HR about receiving the discussed promotion. These facts go beyond a mere general request for a promotion. They depict a specific application for the position of senior sales manager. The fact that the Plaintiff may not have submitted a formal application by filling out paperwork, for example, is not dispositive at the pleading stage. It is enough that she directly approached her supervisors requesting a specific position. *See Arroyo v. New York Downtown Hosp.*, No. 07-cv-4275, 2010 WL 3861071, at *4 (E.D.N.Y. Sept. 28, 2010) (denying summary judgment where plaintiff "did not submit a formal application or resume" because he "sent emails to [his supervisor] expressing his interest in the positions and that he had follow-up conversations with [the supervisor] about them."); *Howe*, 2006 WL 3095819, at *6 (finding the plaintiffs repeated requests for a promotion, even in the absence of a formal application, sufficient to defeat summary judgment motion "[g]iven the lack of formality and fluidity of the promotion process ").

Therefore, the Complaint sufficiently alleges that the Plaintiff submitted a specific application.

### b. As to Whether the Plaintiff Was Qualified for the Position.

To adequately plead she or he was qualified for a position, a plaintiff must set forth the responsibilities of the position as well as her or his skills applicable to the position. *See Mendelsohn*, 178 F. Supp. 2d at 328 (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 (2d Cir. 2000)). The Complaint neither describes the job responsibilities for senior sales manager nor

12

explains the Plaintiff's skills applicable to the position. It merely alleges that the Plaintiff met certain performance goals; trained fellow employees; took on additional tasks beyond her role as a sales manager; and was commended for the quality of her work. These facts simply establish that the Plaintiff met certain prerequisites for being considered. They do not show she possessed the skills necessary for the performance of the senior sales manager position. *See Mendelsohn*, 178 F. Supp. 2d at 328–29 (finding complaint failed to allege the plaintiff was qualified for promotion when it neither "contain[ed] a description of the responsibilities or duties . . . from which one could infer that the plaintiff was qualified for that position" nor facts regarding his "background, education, and experience [that] qualified [him] for the position"); *Stern*, 2018 WL 4863588, at *10 (granting motion to dismiss where plaintiff did "not set forth the qualifications expected of applicants for the . . . position or what relevant skills she had that made her qualified for the position").

Therefore, the Court finds that the Complaint fails to adequately allege that the Plaintiff was qualified for the position of senior sales manager. However, the Court notes that leave to amend a complaint should be given freely. See Fed.R.Civ.P. 15(a). Based on this fact, together with the factual allegations presented by the Complaint, the Court will provide the plaintiff leave to amend her pleadings to include additional factual allegations regarding her qualifications for the position of senior sales manager. *Mendelsohn*, 178 F. Supp. 2d at 329.

    c. *As to Causation.*

Demonstrating causation under a failure to promote theory requires the plaintiff to show that the denial of his or her promotion occurred under circumstances giving rise to an inference of discrimination. *Mendelsohn*, 178 F. Supp. 2d at 328; *Rodriguez v. City of New York*, No. 13-cv-6552, 2014 WL 1399415, at *3 (E.D.N.Y. Apr. 10, 2014). Normally, a complaint will raise an

13

inference of discrimination by alleging someone outside the protected class with similar or lesser qualifications was promoted instead of the plaintiff. *See Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 495–96 (E.D.N.Y. 2016); *Holmes v. Brentwood Union Free Sch. Dist.*, No. 03-cv-1084, 2006 WL 1581434, at *5 (E.D.N.Y. May 25, 2006). To support an inference of discrimination by pointing to the promotion of a comparator, the complaint must allege that the comparator was similarly situated to the plaintiff. *Stern*, 2018 WL 4863588, at *10.

The Court finds that the factual allegations in the Complaint are insufficient to support an inference of discrimination. The Complaint alleges that the Defendants promoted less or equally qualified male employees to senior sales manager at other locations, but provides no facts regarding the relative qualifications of the comparators. Without this information, the Court cannot determine whether the Plaintiff is similarly situated to the male employees who received promotions. Given the absence of any other non-conclusory allegations tending to show discrimination, the Complaint falls short of what is needed to survive a motion to dismiss. *See Stern*, 2018 WL 4863588, at *10 (dismissing complaint that "lack[ed] any information that would allow the court to consider whether she was similarly situated to [the comparator]"); *Rodriguez*, 2014 WL 1399415, at *3 ("It is insufficient to simply point to non-minority candidates who were promoted without giving further detail about the relative qualifications of the candidates (or other evidence of discriminatory intent)."); *Mercado v. City of New York*, No. 13-cv-389, 2014 WL 627035, at *2 (S.D.N.Y. Feb. 18, 2014) (finding the plaintiff "lack[ed]any facts suggesting that [the comparators] were similarly situated to Plaintiffs" where "the allegations that the other detectives were 'less qualified' or were promoted due to their race [were] conclusory and unsupported by any facts in the complaint").

Therefore, the Court finds that the Complaint fails to adequately allege causation with respect to the failure to promote claim, but will provide the Plaintiff leave to amend her pleadings to include additional factual allegations regarding the relative qualifications of the male employees who received promotions.

**2. As to the Wrongful Termination Claim.**

The Complaint clearly satisfies the first three requirements for alleging a *prima facie* case for wrongful termination: the Plaintiff is a member of a protected class; she was qualified for the position she held, sales manager; and she suffered an adverse employment action when the Defendants terminated her. *See Ellis v. Century 21 Dep't Stores*, 975 F. Supp. 2d 244, 283 (E.D.N.Y. 2013) ("Being fired is an adverse employment action."); *Reynoso v. All Foods, Inc.*, 908 F.Supp.2d 330, 342 (E.D.N.Y. 2012) (Spatt, J.) (stating plaintiff's "termination clearly constitutes an adverse employment action"). The Defendants do not appear to contest any of these elements with regard to the Plaintiff's wrongful termination claim, as all of their objections to her qualifications pertain to her desired promotion rather than her then-existing position. As for the fourth element, causation, the Defendants contend the Complaint lacks allegations that her gender played any role in her termination. The Court agrees.

The Complaint asserts that the Defendants fired the Plaintiff for abandoning her job eleven days after they gave her the ultimatum of choosing between accepting a demotion to product specialist or leaving the company. The only allegation in the Complaint that would tend to show the Plaintiff's gender even in part motivated the Defendants' decision is the following conclusory statement: "Upon information and belief, this was a further discriminatory action as no male employees were terminated for refusing to take a demotion and the demotion was motivated by gender." This assertion alone cannot support an inference of discrimination. *See*

*Amaya*, 295 F. Supp. 3d at 220 ("Naked assertions of... discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss.").

In order to do so, the Complaint must provide specific facts regarding the role her gender played in her termination. If the Plaintiff intends to assert causation based solely on the existence of comparators, as it appears she does, she must include significantly more detail demonstrating that those comparators were similarly situated in all material respects. It is not enough to broadly allege that she is a female and the Defendants did not terminate any male sales managers. *See Haggood v. Rubin & Rothman, LLC*, No. 14-cv-34, 2014 WL 6473527, at *12 (E.D.N.Y. Nov. 17, 2014) ("Since all of plaintiffs' allegations, made "upon information and belief," pertaining to the treatment non-African American employees received at R & R are entirely conclusory, they are not entitled to the assumption of truth and are insufficient to withstand a motion to dismiss.") (collecting cases); *Sank v. City Univ. of New York*, No. 10-cv-4975, 2011 WL 5120668, at *11 (S.D.N.Y. Oct. 28, 2011) ("Absent allegations plausibly suggesting that the male colleagues who purportedly received superior treatment were similarly situated to Sank in all relevant respects . . . . Sank's conclusory assertions of differential treatment do not permit a plausible inference of gender discrimination.").

Therefore, the Court finds the Complaint fails to adequately allege causation with respect to the wrongful termination claim, but will provide the Plaintiff leave to amend her pleadings to include additional factual allegations regarding causation.

### E. AS TO CHRINIAN'S INDIVIDUAL LIABILITY.

The Complaint asserts causes of action under Title VII and the NYHRL against all defendants, which at least facially encompasses Chrinian in his individual capacity. The

Defendants seek dismissal of the claims asserted against Chrinian as an individual. The Plaintiff agrees that "Title VII does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers." *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015). Thus, the Court may dismiss the Title VII claim against Chrinian as a matter of course. However, the parties disagree regarding the permissibility of individual liability under the NYHRL.

The NYHRL provides for the imposition of liability on individual defendants under two of its provisions: §§ 296(1) and 296(6). "Individual liability under § 296(1) ... is limited to individuals with ownership interest or supervisors, who themselves have the authority to hire and fire employees." *Craddock v. Little Flower Children & Family Servs. of New York*, No. 12-cv-5062, 2016 WL 755631, at *14 (E.D.N.Y. Feb. 25, 2016) (quoting *Hubbard v. No Parking Today, Inc.*, No. 08-cv-7228, 2010 WL 3835034, at *10 (S.D.N.Y. Sept. 22, 2010)). Section 296(6) of the NYHRL attaches individual liability to "aiding and abetting" § 296(1)(a) violations." *Id.* (quoting N.Y. Exec. Law § 296(6) ). The Second Circuit has construed Section 296(6) to extend to a co-worker who "'actually participates in the conduct giving rise to a discrimination claim' ... even though that co-worker lacked the authority to either hire or fire the plaintiff." *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995)).

Here, the Complaint asserts bases for holding Chrinian liable under either prong. First, the Plaintiff alleges that HR told her that Chrinian alone had the authority to decide whether to promote her and that Chrinian himself gave her the ultimatum of deciding between accepting a demotion or leaving the company, both strongly supporting the inference that he had the authority to hire or fire individuals. Second, assuming Chrinian lacked such authority, these

allegations directly allege that he actually participated in the discriminatory conduct, so that the Plaintiff easily states a claim for aiding and abetting liability under Section 296(6).

Therefore, the Court dismisses the individual claims against Chrinian under Title VII, but not the NYHRL.

### III. CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part the Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6). The Court dismisses the Complaint without prejudice and with leave to amend. The Plaintiff must file an amended complaint consistent with this opinion within 30 days. The amended complaint may not assert causes of action based on conduct predating February 2, 2017. In addition, the amended complaint may not assert individual liability against Chrinian under Title VII.

It is **SO ORDERED**:

Dated: Central Islip, New York

September 5, 2019

      /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge